1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                  EASTERN DISTRICT OF CALIFORNIA
8

9  JASVIRO MUNDI, as successor in   )   1:06-cv-1493 OWW NEW
   interest to Harnam Singh Mundi,  )
10                                   )   SCHEDULING CONFERENCE ORDER
                     Plaintiff,      )
11                                   )   Discovery Cut-Off: 10/31/07
        v.                           )
12                                   )   Non-Dispositive Motion
   UNION SECURITY LIFE INSURANCE     )   Filing Deadline: 2/15/08
13 COMPANY and Does 1 to 20,         )
   inclusive,                        )   Dispositive Motion Filing
14                                   )   Deadline: 3/3/08
                     Defendants.     )
15                                   )   Settlement Conference Date:
   _____   )   11/7/07 10:00 Bakersfield
16
                                         Pre-Trial Conference
17                                       Date: 5/19/08 11:00 Ctrm. 3

18                                       Trial Date: 7/1/08 9:00
                                         Ctrm. 3 (JT-6 days)
19
20
21 I.   Date of Scheduling Conference.
22      March 1, 2007.
23 II.  Appearances Of Counsel.
24      The Reich Law Firm by Jeff Reich, Esq., appeared on behalf
25 of Plaintiff.
26      LHB Pacific Law Partners, LLP, by Jonathan H. Erb, Esq.,
27 appeared on behalf of Defendant.
28 ///

                                1

1  III.   Summary of Pleadings.

2       1.   Plaintiff Jasviro D. Mundi is the widow and successor

3  in interest of Harnam S. Mundi ("Mr. Mundi") a co-borrower with

4  the primary borrower, Gurdip S. Gill ("Gill"), on an equity line

5  of credit account with Wells Fargo Bank, N.A. ("Wells").

6  Defendant Union Security Life Insurance Company ("USLIC")

7  provided a group life insurance policy which provided for payment

8  to Wells in the event of Mr. Mundi's death.   To obtain a

9  certificate for this credit life insurance, Mr. Mundi signed a

10 Medical Application of Borrower and Co-Borrower ("Application").

11 After Mr. Mundi's death, USLIC denied payment based on the

12 application.

13      2.   Plaintiff alleges breach of contract and breach of the

14 implied covenant of good faith and fair dealing for refusal to

15 pay.   USLIC asserts that the application entitled it to rescind

16 and deny the claim.   USLIC will file a motion to compel

17 arbitration of the dispute, and stay or dismiss this action,

18 based on an arbitration provision in the agreement between Wells

19 and both Mr. Mundi and Gill.   Plaintiff will oppose the motion.

20 IV.   Orders Re Amendments To Pleadings.

21      1.   The parties do not currently contemplate amendments to

22 the pleadings, except to the extent necessary to effectuate

23 remand to State Court based on the issues discussed in Section

24 12.

25 V.   Factual Summary.

26      A.   Admitted Facts Which Are Deemed Proven Without Further

27 Proceedings.

28           1.   USLIC provided a group life insurance policy that

1  provided for payment of the death benefit to Wells under an

2  equity line of credit previously extended to the decedent, Mr.

3  Mundi, and a borrower, Gill.

4          2.   The purpose of the policy was to pay off or reduce

5  the amount of the outstanding line of credit in the event of any

6  borrower's death.

7          3.   On May 25, 2004, Gill, as primary borrower, and

8  Mr. Mundi, as a co-borrower, obtained a line of credit from Wells

9  secured by real property in an amount in excess of $50,000.

10         4.   During this transaction, an application for

11 insurance was signed by Mr. Mundi and Mr. Gill.

12         5.   The credit life insurance certificate in the

13 amount of $50,000 was issued pursuant to this application.

14         6.   The application contained this language:

15         MEDICAL APPLICATION OF BORROWER AND CO-BORROWER

16         You are applying for the credit insurance marked above
           and authorizing the Creditor to add charges for
17         insurance to your loan each month as they become due...
           I.  Have you, during the last five years, had or been
18         advised to have, treatment for heart disease, stroke,
           cancer, leukemia, diabetes, disease of the kidney or
19         liver, AIDS or AIDS Related Complex (ARC)?

20         7.   In the "Yes/No" brackets for debtor and co-debtor

21 opposite this question, the "no" brackets are checked.

22         8.   Mr. Mundi was diagnosed with Hepatitis C before

23 the application was signed.

24         9.   Documents provided by Plaintiff's counsel from the

25 Wells line of credit transaction (the parties seek Wells'

26 documents from this event) also include an unsigned Credit

27 Insurance Borrower Disclosure and Authorization which reads in

28 part: "Credit Life Insurance: If I choose to buy credit life

                              3

1    insurance, it will provide a death benefit to help repay my

2    Account if I die, up to the maximum shown on the certificate

3    schedule provided to me (us) with these documents and subject to

4    the terms of the insurance certificate.   Certain loan documents

5    also include a provision for arbitration (though the parties

6    dispute whether or not said provision applies to the parties in

7    this case).   The arbitration provision in question states in

8    part:

9          "SECTION 25: ARBITRATION

10         RESOLVING DISPUTES-ARBITRATION ...

11         However, if the Bank and I are not able to resolve our
           differences informally, I agree that any dispute
12         between me and the Bank...will be settled using the
           following procedures.   I UNDERSTAND AND AGREE THAT THE
13         BANK AND I ARE WAIVING THE RIGHT TO JURY TRIAL...

14         DISPUTES

15         A dispute is any unresolved disagreement between the
           bank and me that relates in any way to accounts, loans,
16         services or agreements subject to this Arbitration
           provision.   It includes any claims or controversy of
17         any kind, which arise out of or are in any way related
           to these accounts, loans, services or agreements.   It
18         includes claims based on broken promises or contracts,
           tort...A dispute also includes any disagreement about
19         the meaning of this Arbitration Section and whether a
           disagreement is a 'dispute' subject to binding
20         arbitration as provided for in this Arbitration
           Section."

21

22         10.   In these same documents appear a provision for

23   American Arbitration Association ("AAA") arbitration and the

24   words: "Each arbitration will be governed by the provisions of

25   the Federal Arbitration Act..."

26         11.   On September 12, 2005, Mr. Mundi was the victim of a

27   homicide.   On or about September 27, 2005, a claim was reported.

28   Plaintiff's counsel's firm sent the death certificate on October

                                    4

10, 2005.  USLIC requested and obtained medical records from
treating physicians.  On or about December 12, 2005, USLIC
asserted rescission and denied the claim.

12.  On September 11, 2006, Plaintiff filed a state court
action against USLIC and does not agree to arbitration.

B.  Contested Facts.

1.  Plaintiff contends that Mr. Mundi did not have
sufficient knowledge of the English language, as was known to
defendant USLIC, to understand and answer the application
question concerning his health.  Additionally, Plaintiff contends
the operative question was vague, ambiguous, and uncertain and
would not be understood in the manner asserted by USLIC by an
English speaking lay person.  Further, USLIC set up a situation
where such personal and private questions were asked in the
presence of Gill, Mr. Mundi's business partner, without any
provision for privacy.  Plaintiff also maintains that Mr. Mundi's
own understanding of the nature and extent of his condition as
well as its status at the time of the insurance application, are
relevant to this action.

2.  Defendant contends that the application question
concerning disease of the liver was understood by Mr. Mundi.
Defendant contends that at least as early as May 2002, Mr. Mundi
was diagnosed with the liver disease of Hepatitis C, after
extensive tests by physicians who effectively communicated with
him concerning the nature of his disease and kept him informed
during regular visits for treatment continuing up to and after
the application on May 25, 2004.

3.  Plaintiff claims damages, as follows: (1) $50,000

1  for the amount of the life insurance certificate; (2) payments on

2  the line of credit's outstanding balance that exceeds $50,000;

3  (3) interest; (4) attorneys fees to pursue and defend litigation

4  over a business partnership with Gill to the extent caused by

5  Defendant's failure to pay under the policy; (5) attorneys fees

6  to obtain policy benefits; (6) other consequential damages; and

7  (7) punitive damages.  Defendant disputes damages.

8  VI.  Legal Issues.

9       A.   Uncontested.

10           1.   Jurisdiction exists under 28 U.S.C. § 1332 based

11  on diversity of citizenship and the amount in controversy.

12           2.   USLIC asserts that jurisdiction to adjudicate the

13  dispute, including the jurisdiction to decide whether the dispute

14  is subject to arbitration, is itself arbitrable.

15           3.   Venue is proper under 28 U.S.C. § 1391.

16           4.   The parties do not agree what jurisdiction

17  provides the rule of decision.  Defendant believes there is a

18  choice of law policy in bank documents.

19       B.   Contested.

20           1.   Plaintiff maintains that true diversity no longer

21  exists due to the fact that, subsequent to removal, a California

22  resident filed a cross-complaint against Plaintiff based upon the

23  loan account in question as stated in section 12; Plaintiff

24  intends to request that this case be remanded to state court and

25  consolidated with that action.

26           2.   As to arbitration, Defendant USLIC contends Mr.

27  Mundi agreed to arbitrate "any claims or controversy of any kind,

28  which arise out of or are in any way related to these accounts,

6

loans, services or agreements," which "includes any disagreement about the meaning of this Arbitration Section and whether a disagreement is a 'dispute' subject to binding arbitration." Defendant contends, under the agency and estoppel principles of law governing arbitration pursuant to the Federal Arbitration Act (Title 9), arbitration should be compelled.  Plaintiff disagrees.

3.    On the arbitration issue, Plaintiff contends that Mr. Mundi did not agree to arbitration with Defendant.  To the extent that any agreement to arbitrate might exist with the Bank, it does not include any dispute with USLIC.  The arbitration provision relied on by Defendant, even if operative, only relates to the Bank (Wells) by its own terms and was not a part of the insurance contract.

4.    Defendant contends that the statement in the application regarding Mr. Mundi's health entitles USLIC to rescind and deny the claim.

5.    Plaintiff contends that rescission is unavailable under applicable law.

VII. Consent to Magistrate Judge Jurisdiction.

1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the

7

1  information.

2  IX.  Motion to Compel Arbitration.

3       1.   The parties have agreed to have a motion to compel
4  arbitration heard on May 14, 2007.  The moving party shall file
5  the motion on or before April 16, 2007.  The responding party
6  shall file any response by April 30, 2007.  The reply shall be
7  filed by May 7, 2007.

8  X.   Discovery Plan and Cut-Off Date.

9       1.   As cleared with Plaintiff's counsel, Defendant USLIC
10  seeks relevant records of Wells by subpoena, but has not received
11  them yet.  Plaintiff produced Mr. Mundi's copy of the documents
12  surrounding the transaction.

13      2.   The Court accepts the Defendant's concern that any
14  discovery not be construed or inferred to the prejudice of its
15  motion to compel arbitration.  No discovery will be interpreted
16  or construed as an admission or to the prejudice of the
17  Defendant's claim that the case should be arbitrated.

18      3.   The parties are ordered to complete all discovery on
19  or before October 31, 2007.

20      4.   The parties are directed to disclose all expert
21  witnesses, in writing, on or before August 1, 2007.  Any rebuttal
22  or supplemental expert disclosures will be made on or before
23  September 3, 2007.  The parties will comply with the provisions
24  of Federal Rule of Civil Procedure 26(a)(2) regarding their
25  expert designations.  Local Rule 16-240(a) notwithstanding, the
26  written designation of experts shall be made pursuant to F. R.
27  Civ. P. Rule 26(a)(2), (A) and (B) and shall include all
28  information required thereunder.  Failure to designate experts in

compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

5.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

XI.   Pre-Trial Motion Schedule.

1.    All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before February 15, 2008, and heard on March 21, 2008, at 9:00 a.m. before Magistrate Judge NEW in Courtroom 8.

2.    In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3.    All Dispositive Pre-Trial Motions are to be filed no later than March 3, 2008, and will be heard on April 7, 2008, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XII. Pre-Trial Conference Date.

1.    May 19, 2008, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.    The parties are ordered to file a Joint Pre-

1  Trial Statement pursuant to Local Rule 281(a)(2).

2       3.   Counsel's attention is directed to Rules 281

3  and 282 of the Local Rules of Practice for the Eastern District

4  of California, as to the obligations of counsel in preparing for

5  the pre-trial conference.  The Court will insist upon strict

6  compliance with those rules.

7  XIII.     Trial Date.

8       1.   July 1, 2008, at the hour of 9:00 a.m. in Courtroom 3,

9  7th Floor, before the Honorable Oliver W. Wanger, United States

10 District Judge.

11      2.   This is a jury trial.

12      3.   Counsels' Estimate Of Trial Time:

13           a.   6 days.

14      4.   Counsels' attention is directed to Local Rules

15 of Practice for the Eastern District of California, Rule 285.

16 XIV. Settlement Conference.

17      1.   A Settlement Conference is scheduled for November 7,

18 2007, at 10:00 a.m. in Bakersfield before the Honorable Theresa

19 A. Goldner, United States Magistrate Judge.

20      2.   Unless otherwise permitted in advance by the

21 Court, the attorneys who will try the case shall appear at the

22 Settlement Conference with the parties and the person or persons

23 having full authority to negotiate and settle the case on any

24 terms at the conference.

25      3.   Permission for a party [not attorney] to attend

26 by telephone may be granted upon request, by letter, with a copy

27 to the other parties, if the party [not attorney] lives and works

28 outside the Eastern District of California, and attendance in

1   person would constitute a hardship.  If telephone attendance is

2   allowed, the party must be immediately available throughout the

3   conference until excused regardless of time zone differences.

4   Any other special arrangements desired in cases where settlement

5   authority rests with a governing body, shall also be proposed in

6   advance by letter copied to all other parties.

7        4.   Confidential Settlement Conference Statement.

8   At least five (5) days prior to the Settlement Conference the

9   parties shall submit, directly to the Magistrate Judge's

10  chambers, a confidential settlement conference statement.  The

11  statement should not be filed with the Clerk of the Court nor

12  served on any other party.  Each statement shall be clearly

13  marked "confidential" with the date and time of the Settlement

14  Conference indicated prominently thereon.  Counsel are urged to

15  request the return of their statements if settlement is not

16  achieved and if such a request is not made the Court will dispose

17  of the statement.

18       5.   The Confidential Settlement Conference

19  Statement shall include the following:

20            a.   A brief statement of the facts of the

21  case.

22            b.   A brief statement of the claims and

23  defenses, i.e., statutory or other grounds upon which the claims

24  are founded; a forthright evaluation of the parties' likelihood

25  of prevailing on the claims and defenses; and a description of

26  the major issues in dispute.

27            c.   A summary of the proceedings to date.

28            d.   An estimate of the cost and time to be

11

1   expended for further discovery, pre-trial and trial.

2          e.   The relief sought.

3          f.   The parties' position on settlement,

4   including present demands and offers and a history of past

5   settlement discussions, offers and demands.

6   XV.  Request For Bifurcation, Appointment Of Special Master,

7   Or Other Techniques To Shorten Trial.

8      1.   The amount, if any, of punitive damages will be phased

9   before the same jury in a second phase of the trial.

10  XVI. Related Matters Pending.

11     1.   Plaintiff contends that *Jasviro Mundi v. Gurdip Gill*,

12  Fresno County Superior Court action 06CECG03023 is a related

13  matter.  Gurdip Gill, a California resident, filed a cross-

14  complaint in that action maintaining, among other things, that,

15  as between Plaintiff and Mr. Gill, Plaintiff is responsible for

16  paying the line of credit which the insurance in this action

17  would cover if paid.  Plaintiff maintains that said action is

18  fundamentally intertwined with this action.

19     2.   Defendant contends that *Mundi v. Gill*, filed by

20  Plaintiff after Mr. Mundi's death, involves a business dispute

21  between Gill and Mr. Mundi over events that pre-dated Mr. Mundi's

22  death unrelated to USLIC.  It also involves a business dispute

23  between Plaintiff and Gill over an alleged partnership that post-

24  dated Mr. Mundi's death.  The only pleading reference in that

25  action to any party or event in the instant action is that Gill's

26  cross-complaint states that he and Plaintiff dispute who should

27  pay the Wells' line of credit.

28  ///

12

1  XVII.      Compliance With Federal Procedure.

2      1.    The Court requires compliance with the Federal

3  Rules of Civil Procedure and the Local Rules of Practice for the

4  Eastern District of California.  To aid the court in the

5  efficient administration of this case, all counsel are directed

6  to familiarize themselves with the Federal Rules of Civil

7  Procedure and the Local Rules of Practice of the Eastern District

8  of California, and keep abreast of any amendments thereto.

9  XVIII.      Effect Of This Order.

10     1.    The foregoing order represents the best

11 estimate of the court and counsel as to the agenda most suitable

12 to bring this case to resolution.  The trial date reserved is

13 specifically reserved for this case.  If the parties determine at

14 any time that the schedule outlined in this order cannot be met,

15 counsel are ordered to notify the court immediately of that fact

16 so that adjustments may be made, either by stipulation or by

17 subsequent scheduling conference.

18     2.    Stipulations extending the deadlines contained

19 herein will not be considered unless they are accompanied by

20 affidavits or declarations, and where appropriate attached

21 exhibits, which establish good cause for granting the relief

22 requested.

23     3.    Failure to comply with this order may result in

24 the imposition of sanctions.

25 IT IS SO ORDERED

26

27 Dated: March 6, 2007              /s/ Oliver W. Wanger

28                                   UNITED STATES DISTRICT JUDGE

13