IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASVIRO MUNDI, as successor in interest to Harnam Singh Mundi, | No. CV-F-06-1493 OWW/TAG |
| | MEMORANDUM DECISION GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING APPEAL TO THE NINTH CIRCUIT [Doc. 38] |
| Plaintiff, | |
| vs. | |
| UNION SECURITY LIFE INSURANCE COMPANY, et al., | |
| Defendant. | |

By Order filed on May 30, 2007, Defendant Union Security Life Insurance Company's motion to compel arbitration was denied (Doc. 30).  USLIC filed a notice of appeal with the Ninth Circuit on June 22, 2007.

USLIC now moves to stay proceedings in this action pending resolution of the appeal.

Although 9 U.S.C. § 16(a)(1)(B) provides that denial of a motion to compel arbitration is immediately appealable, the

1

1 appeal does not divest the district court of jurisdiction to

2 proceed with the merits of the case.  *See Britton v. Co-op*

3 *Banking Group*, 916 F.2d 1405, 1412 (9th Cir.1991):

> The system created by the Federal Arbitration
> Act allows the district court to evaluate the
> merits of the movant's claim, and if, for
> instance, the court finds that the motion
> presents a substantial question, to stay the
> proceedings pending an appeal from its
> refusal to compel arbitration.

8 Factors regulating the issuance of a stay pending appeal are

9 (1) whether the stay applicant has made a strong showing that he

10 is likely to succeed on the merits; (2) whether the applicant

11 will be irreparably injured absent a stay; (3) whether issuance

12 of the stay will substantially injure the other parties

13 interested in the proceedings; and (4) where the public interest

14 lies.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

15 USLIC argues that the appeal raises substantial questions

16 regarding the application of equitable estoppel and whether Union

17 waived the right to compel arbitration under equitable estoppel.

18 Plaintiff, as successor in interest to Harnam Singh Mundi,

19 filed a Complaint for Breach of Contract and Breach of the

20 Implied Covenant of Good Faith and Fair Dealing based on Union's

21 refusal to pay on the insurance policy issued to Harnam in

22 connection with an equity line of credit issued by Wells Fargo

23 Bank to Harnam and his partner.  Section 25 of the EquityLine

24 Agreement between Mundi and Wells Fargo provided:

25 SECTION 25: ARBITRATION

26 RESOLVING DISPUTES - ARBITRATION

1

2           ... [I]f the Bank and I are not able to
            resolve our differences informally, I agree
3           that any dispute between me and the Bank,
            regardless of when it arises or arose, will
            be settled using the following procedures.

4           I UNDERSTAND AND AGREE THAT THE BANK AND I
            ARE WAIVING THE RIGHT TO JURY TRIAL BEFORE A
5           JUDGE IN A PUBLIC COURT ....

6           **DISPUTES**

7           A dispute is any unresolved disagreement
            between the Bank and me that relates in any
8           way to accounts, loans, services or
            agreements subject to this Arbitration
9           provision.  It includes any claims or
            controversy of any kind, which arise out of
10          or are in any way related to these accounts,
            loans, services or agreements.  It includes
11          claims based on broken promises or contracts,
            tort (injury caused by negligent or
12          intentional conduct), breach of fiduciary
            duty or other wrongful actions.  It also
13          includes statutory, common law and equitable
            claim. [sic] A dispute also includes any
14          disagreement about the meaning of this
            Arbitration Section and whether a
15          disagreement is a 'dispute' subject to
            binding arbitration as provided for in this
16          Arbitration Section.  *No dispute may be
            joined in an arbitration with a dispute of*
17          *any other person or arbitrated on a class*
            *action basis.  Furthermore, I agree that any*
18          *arbitration I have with the Bank shall not be*
            *considered with any other arbitration and*
19          *shall not be arbitrated on behalf of others*
            *with the consent of both me and the Bank*.

20
    [Emphasis added].
21
         USLIC argued that the arbitration provisions of the
22
    EquityLine Agreement should be enforced under principles of
23
    equitable estoppel.  As explained in *MS Dealer Service Corp. v.*
24
    *Franklin*, 177 F.3d 942, 947 (11th Cir.1999):
25
            [E]quitable estoppel applies when the
26          signatory to a written agreement containing

                                3

1
2
3
4
5

> an arbitration clause 'must rely on the terms
> of the written agreement in asserting [its]
> claims against the nonsignatory ... When each
> of a signatory's claims against a
> nonsignatory 'makes reference to' or
> 'presumes the existence of' the written
> agreement, the signatory's claims 'arise[]
> out of and relate[] directly to the [written
> agreement,' and arbitration is appropriate.

6   Neither party argued the exclusivity provisions that "no dispute

7   with any other person" may be joined in an arbitration.   There

8   can be no argument that USLIC is not an "other person" not a

9   party to the integrated credit agreements with Wells Fargo.

10  Plaintiff has not consented to arbitration.   On the merits, USLIC

11  cannot be an intended beneficiary of the arbitration clause with

12  Wells Fargo which expressly excludes a third party ("any other

13  person").   In the motion to compel arbitration USLIC argued that

14  the arbitration provisions should be enforced under these

15  principles because the substantive allegations of the Complaint

16  rely on the existence of the letter of credit and because the

17  alleged failure to pay the line of credit debt is the basis for

18  the claim of liability.   In rejecting USLIC's position, the

19  Court, after extensive review of relevant case law and the

20  arguments of the parties, held:

21
22
23
24
25
26

> This is a close question.   Although USLIC's
> contention that Plaintiff's claims depend on
> the EquityLine Agreement because the
> insurance was purchased to secure repayment
> of the line of credit and the amount of the
> outstanding [debt] must be determined by
> reference to the line of credit, Plaintiff's
> claims do not otherwise involve any of the
> terms and conditions of the EquityLine or any
> breach of those terms.   In addition, the
> arbitration provision in the EquityLine

4

1

> Agreement specifically excludes arbitration
> of claims of third parties.  USLIC's

2

> contention that it was an agent of Wells
> Fargo in issuing the insurance policy is

3

> unsupported by evidence.  USLIC did not offer
> any evidence that it is a designated agent

4

> for Wells Fargo.  In any event, Plaintiff's
> claims against USLIC relate to a dispute

5

> between Plaintiff and USLIC over performance
> of the terms of the insurance policy, not to

6

> a dispute between Plaintiff, Wells Fargo, and
> USLIC.  Wells Fargo has no dog in this hunt.

7

> USLIC has not demonstrated that degree of
> relatedness or intertwining that allows a

8

> non-signatory to compel arbitration against a
> signatory of an agreement containing an

9

> arbitration provision.

10  (Doc. 30 at 23-24).

11      USLIC argues the issue of equitable estoppel presents a

12  substantial ground for appeal for two reasons.  First, USLIC

13  notes that the Court commented that application of the doctrine

14  was a "close question."  Because the Ninth Circuit's review of

15  the issue will be *de novo*, it is entirely possible that the Ninth

16  Circuit may rule differently.  Second, USLIC contends, the Ninth

17  Circuit has not fully set forth the basis for a non-signatory to

18  compel arbitration against a signatory under equitable estoppel,

19  thereby presenting a substantial question for appeal.

20      As an alternate ground for denying USLIC's motion to compel

21  arbitration, the following ruling was made:

22

> Plaintiff further argues that California
> consumer protection law defeats USLIC's

23

> position in another respect.  Plaintiff cites
> *Davis v. Blue Cross of Northern California*,

24

> 25 Cal.3d 418, 430-431 (1979):

25

> > These statutes reflect the
> > Legislature's recognition that an

26

> > important component of any

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**insurance arbitration procedure is
the requirement that insureds be
given timely and meaningful notice
of the procedure so that they can
realistically resort to arbitration
if they decide to do so ....**

**The trial court in the instant case
found that Blue Cross knew that in
many instances its insureds would
not be aware of the arbitration
clause and that, despite this
knowledge, Blue Cross deliberately
decided not to inform its insureds
of the arbitration procedure.  In
this context, the practical effect
of the insurer's practice was to
transform its arbitration clause
into a unilateral provision,
establishing a procedure to which
the insurer could require its
insureds to resort when Blue Cross
deemed it advisable, but one that
would not generally provide a
speedy, economic or readily
accessible remedy for the bulk of
Blue Cross' uninformed insureds.**

**We think the trial court was fully
justified in finding that Blue
Cross had breached its duty of good
faith and fair dealing in adopting
such a course of conduct.  Blue
Cross clearly was not giving its
insureds' interests 'as much
consideration ... as ... its own'
in failing to advise them of their
rights to demand arbitration of any
disagreement with the insurer.
Having rejected plaintiffs' claims
without so much as calling to their
attention their potential remedy of
arbitration and having thereby
compelled plaintiffs to resort to
litigation, Blue Cross is now
hardly in a position to reverse
itself and to invoke the
arbitration process which it left
to repose in plaintiffs' dark
ignorance.**

6

1
2

      In her declaration submitted in opposition to this motion to compel arbitration, Plaintiff avers in pertinent part:

3
4

         3.   Following my husband's death, I made a claim on the insurance policy with [USLIC] following their procedures.

5

         ...

6
7
8

         5. [USLIC] did not bring up the issue of arbitration with me in any way until after this lawsuit was filed.

9
10
11

      Because USLIC failed to advise Plaintiff of its position that arbitration was mandatory at the time USLIC denied Plaintiff's claim, USLIC, pursuant to *Davis*, waived any claim to arbitration.

12
13
14
15
16
17

      USLIC replies that this case is factually distinguishable from *Davis*.  In *Davis*, the arbitration provision was contained in the Blue Cross policy and Blue Cross clearly had knowledge of its existence.  Here, USLIC contends, the arbitration provision was not contained in the insurance policy, but in the EquityLine Agreement.  This is nonsensical.  If USLIC seeks to rely on an arbitration agreement, it has a duty to know about it and to advise its insured.

18
19
20
21
22
23
24
25
26

      Secondly, USLIC distinguishes *Davis* because Plaintiff did not seek to appeal the denial of her claim prior to filing this action.  In *Davis*, the trial court found that, even after learning that its insureds did not agree with the determinations as to benefits available under the policy, Blue Cross failed to bring the arbitration procedure to its insureds' attention; instead Blue Cross simply reiterated its rejection of the insureds' claims.  *See Davis*, *supra*, 25 Cal.3d at 426.  Here, USLIC contends, Plaintiff did not challenge its denial of her claim for benefits prior to filing this action.  When this action was filed, USLIC asserts it timely raised the arbitration provision in the EquityLine Agreement.

1    USLIC's attempts to distinguish *Davis* are not
     persuasive.  Because USLIC intended to rely
2    on an arbitration provision in a contract
     separate from the insurance policy, USLIC
3    should have brought that intention to
     Plaintiff's attention before Plaintiff filed
4    this action.

5  (Doc. 30 at 30-32).

6       USLIC argues that the ruling based on *Davis* presents a

7  substantial question on appeal for a number of reasons.

8       First, USLIC argues, *Davis* was decided under California law

9  and cannot apply to determine whether it waived arbitration, an

10 issue determined by federal law, citing *Sovak v. Chugai*

11 *Pharmaceutical Co.*, 280 F.3d 1266, 1270, *amended on other*

12 *grounds*, 289 F.3d 615 (9th Cir.), *cert. denied*, 537 U.S. 825

13 (2002).

14      Second, USLIC asserts, even if *Davis* applies, USLIC's

15 actions do not fall under the conduct constituting waiver in

16 *Davis*.  USLIC cites *Wolschlager v. Fidelity Nat'l Title Ins. Co.*,

17 111 Cal.App.4th 784 (2003).

18      Third, USLIC contends, there are no reported decisions

19 applying *Davis* where a party is seeking to compel arbitration

20 under equitable estoppel:

21          Compelling arbitration on this ground is
            markedly different from compelling
22          arbitration of contractual grounds, because a
            party is not seeking to compel arbitration
23          based on anything it has done, but rather
            based on conduct by the party signatory, who
24          has relied upon one part of a contract while
            at the same time trying to avoid another part
25          of the contract, that is, the arbitration
            provision.
26

8

1    Fourth, USLIC contends that it had no knowledge of the

2 arbitration provision in the EquityLine Agreement at the time it

3 denied the insurance claim.  Citing Ninth Circuit authority that

4 waiver of an arbitration provision presupposes knowledge of an

5 existing right to compel arbitration, *United Computer Sys., Inc.*

6 *v. AT&T Corp.*, 298 F.3d 756, 765 (9th Cir.2002), USLIC contends

7 there was no reason for it to have been aware of the arbitration

8 provision.  USLIC further argues that the Court's ruling, "If

9 USLIC seeks to rely on an arbitration agreement, it has a duty to

10 know about it and to advise its insured", is unsupported by any

11 reported authority in the context of equitable estoppel.  USLIC

12 contends:

13           [I]f such a duty were created, then all
           insurers providing benefits in connection
14           with a loan would have a duty to review all
           loan documents (to which they are not
15           parties) to determine if any contractual
           provisions, including arbitration, were
16           contained therein and potentially applicable
           to insurance coverage.

17

18    This is no unreasonable burden for a party who seeks to

19 benefit from the advantages of mandatory arbitration, called for

20 by a collateral contract to which is not a party, which expressly

21 excludes any other person from arbitrating under the agreement.

22    Finally, USLIC argues that, for waiver to apply, there must

23 be prejudice resulting from the waiving party's inconsistent

24 acts, *United Computer Sys., Inc., supra*, 298 F.3d at 765.  USLIC

25 contends:

26           Plaintiff presented no argument or evidence
           as to how they [sic] may have been prejudiced

9

> **by not being advised of the arbitration provision at the time of denial; and the Court did not make a finding that the Plaintiff was prejudiced.  USLIC promptly asserted arbitration as an affirmative defense in this action, and promptly moved to compel arbitration.  None of the Plaintiff's rights have been impaired; and the Plaintiff is free to seek arbitration of the claims in this dispute.  Accordingly, the Ninth Circuit should determine if prejudice has been established in this proceeding.**

**USLIC did not raise any of these grounds in its reply brief to the motion to compel.  USLIC is essentially arguing that substantial questions for appeal exist that were not presented to this Court.  These contentions may not be considered.  With regard to the application of equitable estoppel, USLIC merely refers to *de novo* review and that the Ninth Circuit has not fully articulated a test for the application of equitable estoppel in the arbitration context.   With regard to waiver, USLIC contends it will raise grounds on appeal not previously presented to this court, which must be considered frivolous.**

**With regard to the factor of irreparable injury to USLIC if the stay pending appeal is not granted, USLIC argues that it will be forced to incur expenses of preparing for trial, expenses that can be avoided if it prevails on appeal.[1]  USLIC cites *Int'l Ass'n of Machinists & Aerospace Workers v. Aloha Airlines,* 776 F.2d 812, 815 (9th Cir.1985):**

---

[1]**USLIC also cites a number of unreported district court decisions in the Ninth Circuit which conclude that a party appealing the denial of a motion to compel arbitration will likely suffer irreparable harm if a stay pending appeal is not granted.**

1
> [D]enying the parties arbitration deprives
> them of an inexpensive and expeditious means
2
> of resolving disputes ... If a litigant 'must
> undergo the expense and delay of a trial
3
> before being able to appeal, the advantages
> of arbitration - speed and economy - are lost
4
> forever.'

5   USLIC also cites *C.B.S. Employees Federal Credit Union v.*

6   *Donaldson*, 716 F.Supp. 307, 310 (W.D.Tenn.1989):

7
> Though the Court notes that monetary expenses
> incurred in litigation are normally not
8
> considered irreparable, this is a unique
> situation.
9
> The main purpose for defendants' appeal is to
10
> avoid the expense of litigation.  If
> defendants are forced to incur the expense of
11
> litigation before their appeal is heard, the
> appeal will be moot, and their right to
12
> appeal would be meaningless.  Therefore, this
> Court finds the time and expense of
13
> litigation to constitute irreparable harm in
> this instance.
14

15   As to the prejudice to the Plaintiff factor, USLIC contends

16   that Plaintiff will suffer no comparable harm if the stay is

17   granted:

18
> The only conceivable harm would be delay
> during the appeal; however, this does not
> justify not granting a stay, because it does
19
> not compare to the unjustifiable waste of
> time and money that would result from
20
> proceeding with this litigation before the
> Ninth Circuit decides whether this dispute is
21
> even subject to judicial resolution.

22   USLIC further argues that a stay will be in the public

23   interest because "this Court no doubt will have to devote

24   considerable time addressing motions and supervising discovery -

25   time that could otherwise be devoted to the many other matters

26   pending on this Court's docket."  *See C.B.S. Employees Federal*

11

1  *Credit Union, supra*, 716 F.Supp. at 310:

2          Though public policy generally favors prompt
           resolution of disputes, it also favors an
3          efficient allocation of judicial resources.
           It does not make sense for this Court to
4          expend its time and energy preparing this
           case for trial and possibly trying it only to
5          learn at a later date from the court of
           appeals that it was not the proper forum to
6          hear the case.

7      Plaintiff does not specifically respond to the factors of

8  relative prejudice to the parties and the public interest.

9  Plaintiff does assert:

10         Plaintiff's counsel is mindful of
           professional courtesy regarding various
11         discovery issues in the context of the
           present dispute over arbitration, but, even
12         under arbitration, some discovery would
           occur.  It is time to proceed with the
13         underlying case.

14         Under these circumstances, Plaintiff requests
           that this Court exercise its discretion by
15         denying the application for stay pending
           appeal, so the parties may get on with
16         discovery on this case.

17     USLIC replies that Plaintiff's request that the stay be

18  denied in order to conduct discovery because "some" discovery is

19  allowed in arbitration proceedings begs the question of the

20  extent of discovery that might be allowed should the Ninth

21  Circuit reverse the denial of the motion to compel arbitration:

22         This creates a larger, complex problem:
           whether the court should try to guess at the
23         limitations that would be available if this
           matter were compelled to arbitration or
24         whether the court should allow broad
           discovery.  Simply put, the court should not
25         be placed in this position, and the parties
           should not be required to endure the expense
26         of discovery that ultimately would not be

12

1       **allowed in arbitration.**

2           **On balance, Plaintiff has not identified information or**

3   **subjects for which there is a present need for discovery.  The**

4   **appeal is underway and there is no reason to expect it will not**

5   **be diligently prosecuted.  The governing factors weigh in favor**

6   **of staying this action pending resolution of USLIC's appeal of**

7   **the denial of the motion to compel arbitration.**

8           **For the reasons stated above, USLIC's motion to stay**

9   **proceedings pending the appeal to the Ninth Circuit is GRANTED.**

10          **Defendants shall submit a form of judgment within five (5)**

11  **days following service by the clerk of this memorandum decision.**

12  IT IS SO ORDERED.

13  **Dated:    August 15, 2007**                    **/s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26